UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 17-0280 FMO (KKx) | Date | March 13, 2017 |
|---|---|---|---|
| Title | Dean Rabbitt v. Bank of America, N.A., et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | | |
|---|---|---|---|
| Vanessa Figueroa | None | None | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorney Present for Plaintiff(s): Attorney Present for Defendant(s):

None Present   None Present

**Proceedings:** (In Chambers) Order to Show Cause re Subject Matter Jurisdiction

On February 15, 2017, plaintiff Dean Rabbit ("plaintiff") filed a complaint against several defendants asserted state-law claims arising from the foreclosure of his property. (See Dkt. 1, Complaint). Subject matter jurisdiction is predicated on diversity of citizenship pursuant to 28 U.S.C. § 1332. (See id. at p. 2).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 (2006). Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006). Indeed, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002) ("Federal Rule of Civil Procedure 12(h)(3) provides that a court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action, even on appeal.") (footnote omitted).

The party asserting jurisdiction has the burden of establishing subject matter jurisdiction. See Kokkonen, 511 U.S. at 377, 114 S.Ct. at 1675. Federal subject matter jurisdiction may be established on the basis of diversity jurisdiction under 28 U.S.C. § 1332. A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different states[.]" 28 U.S.C. § 1332(a). Citizenship is determined as of the time the lawsuit is filed. Lew v. Moss, 797 F.2d 747, 750 (1986).

Here, plaintiff alleges that he is a resident of California, and presumably a citizen of the State. (See Dkt. 1, Complaint at ¶ 1). However, plaintiff fails to allege the citizenship of all defendants. (See, generally, id. at ¶¶ 3-7). To the extent plaintiff has named limited liability companies as defendants, (see, e.g., id. at ¶¶ 5-6), the Complaint must allege the citizenship of each of their partners, members, or owners to properly assert subject-matter jurisdiction on the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 17-0280 FMO (KKx) | Date | March 13, 2017 |
|---|---|---|---|
| Title | Dean Rabbitt v. Bank of America, N.A., et al. | | |

basis of diversity pursuant to 28 U.S.C. § 1332.  See Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 569, 124 S.Ct. 1920, 1923 (2004) ("[A] partnership . . . is a citizen of each State or foreign country of which any of its partners is a citizen."); Carden v. Arkoma Assocs., 494 U.S. 185, 195, 110 S.Ct. 1015, 1021 (1990) (diversity jurisdiction depends on the citizenship of all members of an artificial entity); Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n unincorporated association such as a partnership has the citizenship of all of its members.").

Nor has plaintiff alleged that the matter in controversy exceeds the jurisdictional threshold of $75,000.  (See, generally, Dkt. 1, Complaint); 28 U.S.C. § 1332(a).

Based on the foregoing, IT IS ORDERED THAT no later than **March 23, 2017**, plaintiff shall file a Response to this OSC, not to exceed five (5) pages, addressing why this action should not be dismissed for lack of subject matter jurisdiction.  Among other things, plaintiff shall identify the citizenship and residence of each defendant, including, as necessary, defendants' partners, members, and owners.  Failure to respond to this order to show cause by the deadline set forth above shall be deemed as consent to the dismissal of the action without prejudice for failure to prosecute and/or failure to comply with a court order.  See Fed. R. Civ. P. 41(b); Link v. Wabash R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |